Law Office of Andrew P. Rundquist
Andrew P Rundquist SBN 262523
501 W Broadway Suite 144
San Diego CA 92101
Tel. (619)992-9148
andrew@rundquistlaw.com

Attorney for Plaintiff
Joseph Capela

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Joseph Capela,<br><br>    Plaintiff,<br><br>v.<br><br>Armcon Corporation DBA Coachella Valley Collection Service; Coachella Valley Process Servers; Eric Ratliff; and Does 1-10 Inclusive<br><br>    Defendants. | CASE NO: 5:20-cv-02144-JGB-SHK<br><br>**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES AND VIOLATION OF:**<br><br>**The Fair Debt Collection Practices Act 15 U.S.C. § 1692 et seq.;**<br><br>**JURY TRIAL DEMANDED** |

NOW COMES Plaintiff Joseph Capela, by and through attorney, Law Office of Andrew P Rundquist, in its claim for damages against Defendants Armcon Corporation DBA Coachella Valley Collection Service (hereinafter "**Coachella Collection Service**"), Coachella Valley Process Servers (hereinafter "**CVPS**"), Eric Ratliff (hereinafter "**Ratliff**") and Does 1-10 Inclusive.

## I. INTRODUCTION

1. This is a consumer action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et. seq., which prohibit debt collectors from engaging in abusive, deceptive and unfair practices. Congress intended the

FDCPA to eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who do refrain from using abusive debt collection practices are not competitively disadvantaged and to promote consistent State action to protect consumers against debt collections abusers.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

5. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such specific violation.

6. Defendants in this case are process servers who have engaged in the practice of "sewer service" – i.e., failing to serve a debtor and filing a fraudulent affidavit attesting to service so that when the debtor later fails to appear in court, a default judgment can be entered against him.

7. While faithful process servers are exempted from the definition of "debt collector" under the FDCPA when they are in fact "serving or attempting to serve legal process," "a process server who goes 'beyond being merely being a messenger . . . and engages in prohibited abusive or harassing activities to force an individual to repay a debt' cannot claim the exemption's protections."

8. Therefore, the Defendants in this case – process servers that failed to serve court process entrusted to them and instead provide a perjured Proof of Service of Summons – are removed from the FDCPA's process server exemption.

## II. JURISDICTION

9. Subject matter jurisdiction of this Court arises under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k(d). Supplemental jurisdiction exists for the state law claims, if any, pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201, 2202.

10. This action arises out of Defendants' violations of the FDCPA, 15 U.S.C. § 1692, et. seq. While many of the violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

### III.   VENUE

11. Venue is this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d) in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

### IV.   PARTIES

12. Plaintiff Joseph Capela is a natural person residing in Riverside County, California. At all relevant times Plaintiff was and is a "consumer" within the meaning of 15 U.S.C. § 1692(a)(3).

**COACHELLA COLLECTION SERVICE**

13. Defendant Coachella Collection Service is engaged in the business of composing and selling forms, documents and other collection media used or intended to be used for debt collection; its principal place of business is 75-108 Gerald Ford Drive #1, Palm Desert, CA 92211.

14. Coachella Collection Service is regularly engaged in the business of indirectly collecting defaulted consumer debts and assisting other debt collectors to file and maintain civil debt collection lawsuits and to obtain default judgments in those cases by utilizing the U.S. Mail, telephone, and internet.

15. Coachella Collection Service regularly collects, directly or indirectly, defaulted consumer debts alleged to be due to another via U.S. Mail, telephone, internet, and civil debt collection lawsuits and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). Coachella Collection Service is not subject to the exception of 15 U.S.C. § 1692a(6)(D) and is vicariously liable to Plaintiff for the acts of Defendant, Eric Ratliff.

**CVPS**

16. Defendant Coachella Valley Process Servers ("CVPS") is engaged in the business of composing and selling forms, documents and other collection media used or intended to be used for debt collection. Coachella Valley Process Servers principal place of business is located at 75-108 Gerald Ford Drive #1, Palm Desert, CA 92211.

17. CVPS is regularly engaged in the business of indirectly collecting defaulted consumer debts and assisting other debt collectors to file and maintain civil debt collection lawsuits and to obtain default judgments in those cases by utilizing the U.S. Mail, telephone, and internet.

18. CVPS regularly collects, directly or indirectly, defaulted consumer debts alleged to be due to another via U.S. Mail, telephone, internet, and civil debt collection lawsuits. CVPS is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). CVPS is not subject to the exception of 15 U.S.C. § 1692a(6)(D). CVPS is vicariously liable to Plaintiff for the acts of Defendant, Eric Ratliff.

**Eric Ratliff**

19. Defendant Eric Ratliff (hereinafter "Ratliff"), is a natural person and is or was an employee and/or authorized agent of Coachella Collection Service and CVPS at all relevant times. Ratliff is in the business of composing and selling of forms, documents and other collection media used or intended to be used for debt collection. Ratliff is an individual subject to the registration and other provisions found in Cal. Bus. & Prof. Code §§ 22350-22360.

20. Ratliff is regularly engaged in the business of indirectly collecting defaulted consumer debts by assisting other debt collectors to file and maintain civil debt collection lawsuits and to obtain default judgments in those cases by utilizing the U.S. Mail, telephone and internet. Ratliff regularly collects, directly or indirectly, defaulted consumer debts alleged to be due to another via U.S. Mail, telephone, internet, and civil debt collection lawsuits. Ratliff is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). Ratliff is not subject to the exemption provided by 15 U.S.C. §1692a(6)(D).

21. At all relevant times alleged in this Complaint, Defendants, and each of them, were regularly engaged in the business of collecting defaulted consumer debts throughout the state of California, including Riverside County, by assisting other debt collectors to file and maintain civil debt collection lawsuits and to obtain default judgments in those cases by utilizing the U.S. Mail, telephone, and internet.

22. Plaintiff is informed, believes and thereon alleges, that each and all of the aforementioned Defendants are responsible in some manner, either by act or omission, strict liability, fraud, deceit, fraudulent concealment, negligence, respondeat superior, breach of contract, or otherwise, for the occurrences herein alleged, and that Plaintiff's injuries, as herein alleged, were proximately caused by the conduct of Defendants.

23. Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, each of the Defendants sued herein were the agent, servant, employer, joint venturer, partner, division, owner, subsidiary, alias, assignee, and/or alter-ego of each of the remaining Defendants and were at all times acting within the purpose and scope of such agency, servitude, joint venture, division, ownership, subsidiary, alias, alter-ego, partnership, or employment and with the authority, consent, approval, and ratification of each remaining Defendant.

24. Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, Defendants, and each of them, combined their property, skill,

or knowledge to carry out a single business undertaking and agreed to share the control, profits, and losses.

25. Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, each Defendant was the co-conspirator, agent, servant, employee, assignee, and/or joint venturer of each of the other Defendants and was acting within the course and scope of said conspiracy, agency, employment, assignment, and/or joint venture and with the permission and consent of each of the other Defendants.

26. Whenever reference is made in this Complaint to any act of any corporate or other business Defendant, that reference shall mean that the corporation or other business did the acts alleged in this Complaint through its officers, directors, employees, agents, and/or representatives while they were acting within the actual or ostensible scope of their authority.

27. At all relevant times alleged in this Complaint, each Defendant has committed the acts, caused others to commit the acts, ratified the commission of the acts, or permitted others to commit the acts alleged in this Complaint and has made, caused, ratified, or permitted others to make, the untrue or misleading statements alleged in this Complaint. Whenever reference is made in this Complaint to any act of Defendants, such allegation shall mean that each Defendant acted individually and jointly with the other Defendants. The term "Defendants" wherever used in this Complaint shall mean all named defendants.

## COACHELLA COLLECTION SERVICE AND CVPS CONTROLS ITS PROCESS SERVER AGENTS

28. At all relevant times alleged in this Complaint, Coachella Collection Service and CVPS effectively controls its process server agents, including Ratliff, by

    a.    choosing which assignments each process server agent will receive (i.e., controlling what work must be performed by a specific individual);

     b.     requiring personal performance of the tasks assigned to its process server agents (i.e., controlling what work must be performed by a specific individual);

     c.     forbidding or severely restricting its process server agents' ability to substitute or assign their performance of the assigned tasks (i.e., controlling what work must be performed by a specific individual);

     d.     requiring reporting to Coachella Collection Service and CVPS of all service attempts made by their process server agents (i.e., controlling the manner in which the assigned tasks are performed and requiring regular written reports).

29.     Plaintiff is informed, believes and thereon alleges, Coachella Collection Service's conduct was a substantial factor in causing the harm to Plaintiff. Coachella Collection Service should be held responsible as an aider and abettor for the fraud, breach of official duty, and other wrongful acts committed by Ratliff against Plaintiff.

30.     Plaintiff is informed, believes and thereon alleges, CVPS's conduct was a substantial factor in causing the harm to Plaintiff. CVPS should be held responsible as an aider and abettor for the fraud, breach of official duty, and other wrongful acts committed by Ratliff against Plaintiff.

## NONDELEGATBLE DUTY

31.     California Business and Professions Code § 22356 provides:

> A registrant shall be responsible at all times for the good conduct of his or her employees acting within the course or scope of their employment, and any person acting as an independent contractor within the course or scope of the agency relationship with the registrant.

32.     By enacting this statute, the California legislature sought to implement specific safeguards for the general public to insure process server agencies like CVPS faithfully and honestly carry out their responsibilities to the courts of California and to the general public.

33. Plaintiff is informed, believes and thereon alleges, Ratliff was acting within the course and scope of his employment/agency relationship with Coachella Collection Service and CVPS at all times alleged in this Complaint.

34. Coachella Collection Service had a non-delegable duty to Plaintiff to ensure the state court process entrusted to it was faithfully served on Plaintiff, and its employees and agents did not engage in sewer service.

35. Because Coach Collection Service could not delegate to Ratliff its duty to faithfully and honestly serve Plaintiff with the state court process entrusted to it, Coachella Collection Service is liable to Plaintiff for all damages alleged in this case.

36. Plaintiff is informed, believes and thereon alleges, Ratliff was acting within the course and scope of his employment/agency relationship with CVPS at all times alleged in this Complaint.

37. CVPS had a non-delegable duty to Plaintiff to ensure the state court process entrusted to it was faithfully served on Plaintiff, and its employees and agents did not engage in sewer service.

38. Because CVPS could not delegate to Ratliff its duty to faithfully and honestly serve Plaintiff with the state court process entrusted to it, CVPS is liable to Plaintiff for all damages alleged in this case.

## V.  FACTUAL ALLEGATIONS

39. On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation to Synergy Dental Specialties.

40. Plaintiff generally denies any debt is owed. The purported debt to Synergy Dental was primarily for personal, family, or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

41. Sometime thereafter, the purported debt was transferred and/or assigned and/or purchased by Coachella Valley Collection Service.

42. On October 3rd, 2019, Law Office of John D. Gallegos filed a debt collection lawsuit on behalf of, and as agent for Coachella Valley Collection Service, in the Superior Court of California for the County of Riverside styled *Coachella Valley Collection Service vs. Renee Capela; Joseph Capela*, case # PSC1907253.

43. Plaintiff is informed and believes, and thereon alleges, Defendants were thereafter engaged to duly and faithfully serve legal process in the state court action upon Plaintiff by delivering a copy of the state court Summons and Complaint.

ATTEMPTED SERVICE

44. Plaintiff is informed and believes, and thereupon alleges that on or about October 25th, 2019, Defendants composed a document titled ATTEMPTED SERVICE, which is a communication in an attempt to collect a debt per 15 USC §§ 1692a, a(5), in which Defendants represented, under penalty of perjury, that on 10/22/19 at 10:57a.m. Eric Ratliff had attempted to serve Plaintiff at 47825 Oasis St. Indio, CA 92201, Riverside Department of Mental Health. But yet, process was not served because

> NOT FOUND - Per the personnel department, the defendant is no longer employed at the given business address. The name of the business at this address is RIVERSIDE DEPT OF MENTAL HEALTH.

45. Thereafter, Defendants caused the ATTEMPTED SERVICE to be filed with the Clerk of the Superior Court in the state court action on November 1st, 2019.

DECLARATION OF DILIGENCE

46. Plaintiff is informed and believes, and thereupon alleges that on or about October 25th, 2019, Defendants composed a document titled DECLARATION OF DILIGENCE, which is a communication in an attempt to collect a debt per 15 USC §§ 1692a, a(5), in which Defendants represented, under penalty of perjury:

  i. On Thursday, October 17th, 2019 at 3:15pm Eric Ratliff had attempted to serve Plaintiff at 44775 Deep Canyon Rd, Palm Desert,

9

CA 92260, a business called Tranquil Palms, but was unable to effectuate service because "No answer at door".

ii. The very next day on Friday, October 18th, 2019 at 9:00am Eric Ratliff returned and again attempted to serve Plaintiff at 44775 Deep Canyon Rd, Palm Desert, CA 92260, but was unable to effectuate service because "No answer."

iii. On Monday, October 21st, 2019, at 8:00am, Eric Ratliff returned and again attempted to serve Plaintiff at 44775 Deep Canyon Rd, Palm Desert, CA 92260 but was unable to effectuate service because "No answer."

iv. On Tuesday, October 22nd, 2019, at 11:40a.m. Eric Ratliff returned and again attempted to serve Plaintiff at 44775 Deep Canyon Rd, Palm Desert, CA 92260 and then claims, "Not in, substituted service effected at the given address." but was unable to effectuate service because "No answer."

47. Thereafter, Defendants caused the DECLARATION OF DILIGENCE to be filed with the Clerk of the Superior Court in the state court action on November 1st, 2019.

PROOF OF SERVICE

48. Plaintiff is informed and believes, and thereupon alleges that on or about October 25th, 2019, Defendants composed a document titled PROOF OF SERVICE, which is a communication in an attempt to collect a debt per 15 USC §§ 1692a, a(5), in which Defendants represented, under penalty of perjury that Eric Ratliff had served Plaintiff via substitute service with a copy of the Summons, Complaint, and related documents in the state court action on October 22nd, 2019, by claiming

Party Served:        Joseph Mark Capela
Person Served:       Ashley Honsley.  Title: Person in Charge
Description:         Wht Fem 30s 5'5 160 Blnd Hair
Address:             44775 Deep Canyon Rd

Palm Desert, CA 92260

DECLARATION OF MAILING

49. Plaintiff is informed and believes, and thereupon alleges that on or about October 25th, 2019, Defendants composed a document titled DECLARATION OF MAILING, which is a communication in an attempt to collect a debt per 15 USC §§ 1692a, a(5), in which Defendants represented, under penalty of perjury that:

> On 10/22/2019, after substituted service under section 415.20(a} or 415.20(b} or 415.46 of the Civil Code of Procedure was made, I served the above entitled documents on the defendant, in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon prepaid for FIRST CLASS MAIL in the United States Mail at Palm Desert CA 92260.
>
> Mailed to:        Joseph Mark Capela
>
> Address:          44775 Deep Canyon Rd
>                   Palm Desert, CA 92260

**DEFENDANTS REPEATEDLY IGNORE PLAINTIFF'S PLEAS THAT SERVICE WAS INVALID**

50. Thereafter, Plaintiff discovered a lawsuit had been filed against him and immediately contacted Defendant CVCS no less than 5 times in October and November 2019 notifying CVCS that:

> -At no time has Plaintiff's place of employment been 44775 Deep Canyon Rd. Palm Desert, CA;
>
> -At no time has Plaintiff had an employee or co-worker named "Ashley Honsley";
>
> -At no time has "Ashley Honsley" been authorized to accept service on behalf of Plaintiff;
>
> -There was no reason for a process server to attempt to serve Plaintiff at 44775 Deep Canyon Rd. Palm Desert, CA;

51. Plaintiff's demand for an explanation as to why Defendants are dispatching process servers and mailings to an address and place of employment for which Plaintiff is unrelated went unanswered.

**TIMELINE OF RELEVANT EVENTS CONFIRMS DEFENDANTS FABRICATED AND FALSIFIED THE ATTEMPTS TO SERVE PRECEDING THE OCTOBER 22ND, 2020 SUBSTITUTE SERVICE**

52. Prior to October 22nd, 2019, Defendants had no reason to suggest Plaintiff's place of employment was located at 44775 Deep Canyon Rd. Palm Desert, CA.

53. Prior to attempting service at Plaintiff's non-existent place of employment, at no time did the process server attempt service at Plaintiff's long-time residence of 14 years.

54. It belies belief for Eric Ratliff to first attempt service at 44775 Deep Canyon Rd. Palm Desert, CA on three consecutive work days, October 17th, 18th, and 21st, 2019, where no information exists that this is Plaintiff's place of employment; and then on the next day October 22nd, 2019, Eric Ratliff suddenly decides to shift course and attempt service at Plaintiff's former place of employment, at 10:57 a.m. on October 22nd, 2019 at 47825 Oasis St., Indio, CA 92201, Riverside Dept. of Health, only to be notified that "Plaintiff was no longer employed." Whereupon, Eric Ratliff decides to re-again visit 44775 Deep Canyon Rd. Palm Desert, CA. (In fabricating the service attempts, Eric Ratliff was likely attempting to circumvent the approximate 300 mile round trip from his business address in San Dimas, CA to Palm Desert, CA.)

55. Normal business hours for Tranquil Palms located at 44775 Deep Canyon Rd. Palm Desert, CA. is 8:30am to 4pm and is always staffed and open to the public. The "no answer" response claimed by Eric Ratliff on October 17th, 18th, and 21st, 2019 in support of the Declaration of Reasonable Diligence is disproven because there was staff at all times during those specific dates.

56. Prior to October 22nd, 2019, Defendants had no reason to suggest Plaintiff's place of employment was located at 44775 Deep Canyon Rd. Palm Desert, CA. For instance, Defendants did not receive a USPS change of address form indicating Plaintiff was employed at 44775 Deep Canyon Rd. Palm Desert, CA; nor did Defendants contact the United States Postal Service and obtain Plaintiff's forwarding address.

57. Despite the representations made by Defendants in their Proof of Service of Summons, Plaintiff was not served with a copy of the Summons and Complaint in the state court action. The Proof of Service of Summons document composed by Defendants appears facially valid – indeed, Defendants' very purpose is to pass facial review – hoping the fraud goes undetected until the debtor discovers the fraudulent proof of service after a default judgment has been entered.

58. Plaintiff is informed and believes, and thereon alleges Defendants knowingly and willfully composed and sold to Law Office of John D. Gallegos the false statements regarding their service of court process in the state court action.

59. With the assistance of his counsel, Plaintiff discovered the Proof of Service of Summons filed in the state court action wrongfully stated Plaintiff was served via substitute service at his purported place of employment ala usual place of business.

60. As a result of Defendants conduct, Plaintiff incurred attorney's fees in having to hire and retain an attorney to investigate the invalid proof of service.

61. As a result of Defendants' conduct, Plaintiff has been caused to suffer anxiety and emotion distress.

## VI.   CLAIMS
## FAIR DEBT COLLECTION PRACTICES ACT

62. Plaintiff brings the first claim for relief against Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

63. Plaintiff incorporates all paragraphs in this Complaint as though fully set

forth herein.

64. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

65. Defendant Coachella Collection Service is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

66. Defendant Coachella Collection Service is not subject to, and cannot claim, the exemption provided by 15 U.S.C. § 1692a(6)(D).

67. Defendant CVPS is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

68. Defendant CVPS is not subject to, and cannot claim, the exemption provided by 15 U.S.C. § 1692a(6)(D).

69. Defendant Ratliff is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

70. Defendant Ratliff is not subject to, and cannot claim, the exemption provided by 15 U.S.C. § 1692a(6)(D).

71. The financial obligation sought to be collected from Plaintiff in the state court action is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

72. Defendants violated the FDCPA, including: §§ 1692c(a); 1692c(b); 1692(d); 1692e; 1692e(2)A; 1692e(5); 1692e(8); 1692e(9); 1692e(10); 1692e(11); 1692e(13); 1692e(15); 1692f; and 1692j(a) by making false and misleading representations, and engaging in unfair and abusive practices. Defendants' violations include, but are not limited to:

    a. Manufacturing and selling a fraudulent Proof of Service Summons that falsely stated Plaintiff was served with the state court Summons and Complaint when in fact he was not;

    b. Manufacturing and selling fraudulent, deceptive, and misleading statements and documents which are used in the collection of defaulted consumer debts;

      c.     Aiding, abetting and ratifying the fraud, perjury, breach of official duty and other wrongful acts committed by the other Defendants in this case;

      d.     Impermissibly communicating with third parties.

73. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the debt.

74. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k.

## VII. REQUEST FOR RELIEF

Plaintiff requests this Court:

a)    Assume jurisdiction in this proceeding;

b)    Declare Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et al;

c)    Award Plaintiff statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

d)    Award Plaintiff actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1);

e)    Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3); and

f)    Award Plaintiff such other and further relief as may be just and proper.

Dated: December 10, 2020

Law Office of Andrew P. Rundquist

By: /s/ Andrew Rundquist
Andrew P. Rundquist, Esq.
Attorney for Plaintiff Joseph Capela

DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE Plaintiff Joseph Capela hereby demands a trial by jury of all triable issues of fact in the above-captioned case.